**Bobby BOREN, Plaintiff–Appellant,**

v.

**N.L. INDUSTRIES, INC., N.L. Petroleum Services Employee Benefit Association, and Metropolitan Life Insurance Company, Defendants–Appellees.**

No. 88–5600.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1989.

Stephen F. White, David M. Stewart, San Antonio, Tex., for plaintiff-appellant.

Charles J. Fitzpatrick, Juanita Hernandez, Matthews & Branscomb, San Antonio, Tex., for NLI, Inc.

Joseph Trovato, William J. Toppeta, Patrice Smiley Andrews, New York City, George H. Spencer, Jr., Clemens, Spencer, Welmaker & Finck, San Antonio, Tex., for Metropolitan Life Ins. Co.

Before JOHNSON, WILLIAMS and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

Bobby George Boren appeals the district court's grant of summary judgment in favor of defendants-appellees N.L. Industries and Metropolitan Life Insurance Company. For the reasons stated herein, we affirm.

I. BACKGROUND

In 1978, Boren contracted Rocky Mountain Spotted Fever while on duty as a mud

engineer in Wyoming. At that time, Boren was employed by N.L. Industries, and was a participant in that company's employee benefit plan. Boren sought medical care and, after he was determined to be disabled, applied for disability benefits. After coverage was denied, Boren filed suit against N.L. This dispute was ultimately resolved through the use of a settlement agreement (hereinafter the 1981 agreement) which provided for Boren's enrollment in N.L.'s ERISA long-term disability program which was administered by Metropolitan Life Insurance Company (hereinafter Metropolitan).[1]

It is undisputed that defendant N.L. Industries enrolled Boren in its long-term disability program. Boren received benefits retroactively from 1978, when he became ill, up to the 1981 agreement, and he continued to receive benefits until sometime in 1984, at which time Metropolitan, after determining that Boren was no longer disabled, terminated Boren's benefits. Boren filed suit against N.L. and Metropolitan in state court to recover long-term disability benefits and other damages based on state law theories of recovery. Specifically, Boren alleged a cause of action for breach of contract with regard to the 1981 agreement, and alleged violations of the Texas Deceptive Trade Practices Act. Boren also alleged that Metropolitan was negligent in terminating Boren's benefits and that it had violated provisions of the Texas Insurance Code. The case was removed to federal district court, at which time the defendants filed a motion for summary judgment. The district court granted the motion as to Metropolitan on the grounds that Metropolitan was not a party to the agreement and therefore could not be liable for breach of contract. Additionally, the district court found that the state law claims against Metropolitan were pre-empted by ERISA. As to defendant N.L., the district court granted the summary judgment motion in its favor because N.L.

did what it agreed to do. The agreement, as made by N.L. Industries, was to

enroll Plaintiff in its ERISA long-term disability pension program in accordance with its usual terms and conditions, and subject to reasonable requirements to demonstrate continuing eligibility for benefits. Plaintiff was enrolled. Nowhere was Plaintiff promised benefits for the rest of his life.

District Court Order at 4. From this judgment, Boren appeals.

## II. DISCUSSION

It is the task of this Court to determine whether summary judgment was proper. In doing so, this Court applies the same legal standard as the district court to determine whether, considering the summary judgment evidence in the light most favorable to the opposing party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). Applying this standard to the instant case, we conclude that summary judgment was proper.

### A. *Boren's claims against N.L.*

■ Boren's arguments on appeal revolve around his interpretation of paragraph eight of the 1981 agreement. This paragraph reads as follows:

Mr. Boren ... will receive [benefits] from December, 1978 forward, through Metropolitan Life Insurance Company, for a period consistent with the terms of its policy in effect in December, 1978, unless there is a change in his present condition.

Boren argues that this paragraph entitles him to receipt of benefits indefinitely unless there is a change in his condition. Boren's interpretation, as the district court correctly concluded, ignores the Metropolitan policy/ERISA plan to which the agreement refers. The ERISA plan indicates that: "Benefits are payable for 3 years if you cannot perform *all* the duties of your

---

**1.** Metropolitan was not a party to the initial suit, and did not enter into the settlement agreement.

*regular* job.... Benefits will continue after that if you cannot work at *any job.*" [2]

Boren's assertion that coverage would continue until his condition changed rather than ceasing pursuant to the terms of the ERISA plan is not supported by the plain language of paragraph eight or the whole of the settlement agreement. In addition to paragraph eight, the agreement states that benefits would continue "under such program consistent with all the normal policies and procedures of Metropolitan," Agreement, paragraph five, and that Boren would be subject to periodic examinations to confirm his continuing disability. Agreement, paragraph six. Based on the language of the 1981 Agreement, the district court did not err in concluding that N.L. fulfilled its responsibility under the settlement agreement.

■ Boren, however, sought to introduce parol evidence to support his assertion that the parties intended that the terms of the settlement agreement (that benefits continue until his condition as of September 1981 changed) control over the terms of the Metropolitan policy. The magistrate ruled that the parol evidence was inadmissible, and Boren did not appeal the magistrate's determination to the district court. Accordingly, we conclude that we do not have jurisdiction to review the magistrate's ruling on the parol evidence issue.

Appeals from a magistrate's ruling must first be made to the district court. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372 (5th Cir.1989); *Trufant v. Autocon*, 729 F.2d 308 (5th Cir.1984). Although Boren fails entirely to address the question of this Court's jurisdiction, this Court will examine the basis of its own jurisdiction if necessary. Because Boren did not appeal the magistrate's order, this Court does not have jurisdiction of the appeal from the magistrate's refusal to allow parol evidence.

N.L., as the district court noted, "did what it agreed to do." There being no evidence in the record to indicate that the plain language of the settlement agree-

ment should not control, we affirm the summary judgment in favor of N.L. and turn to Boren's claims against Metropolitan.

### B. *Boren's claims against Metropolitan*

■ Boren filed suit against Metropolitan based on a multitude of state law theories including breach of contract. As the district court correctly concluded, Metropolitan was not a party to the 1981 Agreement; therefore summary judgment on the breach of contract claim was proper. On appeal, Boren argues that Metropolitan accepted the benefits of the Agreement and is therefore estopped from arguing that it is not bound.

It is not necessary for this Court to determine whether Boren's estoppel argument yields any merit. Rather, we affirm the district court's grant of summary judgment in favor of Metropolitan on the basis of ERISA preemption. All of Boren's state law claims, including the breach of contract claim, have been preempted by ERISA. Boren failed to allege a cause of action based in ERISA or to allege facts sufficient to support an ERISA claim. Consequently, summary judgment in favor of Metropolitan was proper.

In *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court acknowledged that Congress may so completely preempt an area that any civil complaint arising in that area becomes federal in character. In *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), the Court indicated that ERISA's preemptive provision was to be broadly construed. The provision reads as follows:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and

---

**2.** Two Metropolitan physicians concluded after examining Boren that he was able to engage in sedentary work and/or work requiring minimal physical activity.

not exempt under section 1003(b) of this title.

29 U.S.C. § 1144.

In the instant case, the summary judgment evidence clearly indicated that Metropolitan administered the plan as a fiduciary; it did not employ the plan in the business of insurance. It is undisputed that the N.L. plan constitutes an ERISA plan under 29 U.S.C. § 1003(a) and it is not exempt under 29 U.S.C. § 1003(b). Consequently, the only significant question remaining is whether Boren's claims "relate" to the ERISA plan administered by Metropolitan. We hold that they do.

While Boren recognizes the breadth of ERISA's preemptive power, he argues that the instant case is unique because it involves a court approved settlement agreement. Boren urges this Court to "carve a narrow exception to that all-encompassing entity known as ERISA." Boren's brief at 12. We are not inclined to do so. Rather, we conclude that Boren's claims against Metropolitan relate to an ERISA plan and are thus consumed by the preemptive provision of ERISA.

As this Court noted in *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456 (5th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987), the Supreme Court has indicated that a state law relates to an employee benefit plan if it has a connection with or reference to such a plan. Even if a state law does not expressly concern an employee benefit plan, it will still be preempted insofar as the law applies to a benefit plan in particular cases. In the instant case, Boren is relying on state law to advance his complaint that his benefits under the plan were terminated. As such, the law relates to the plan. *See also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Light v. Blue Cross and Blue Shield*, 790 F.2d 1247 (5th Cir. 1986). The state action in the instant case does not affect the plan in so peripheral a manner as to foreclose a finding that the law relates to the plan. *See Sommers Drug Stores*, 793 F.2d at 1456.

The district court did not err in granting summary judgment in favor of Metropolitan. Boren's claims against Metropolitan have been preempted by ERISA; Boren has not alleged a cause of action under ERISA, nor alleged facts sufficient to support such an action. Consequently, summary judgment was proper.

## III. CONCLUSION

The district court did not err in granting summary judgment in favor of N.L. and Metropolitan. As the district court concluded, N.L. fulfilled its obligations under the 1981 agreement. Further, Boren's state law claims have been preempted by ERISA. Consequently, the judgment of the district court is affirmed.

AFFIRMED.