**BOARD OF TRUSTEES OF the HOTEL AND RESTAURANT EMPLOYEES LOCAL 25 and Employers' Health and Welfare Fund, et al., Appellants,**

v.

**The MADISON HOTEL, INC., Appellee.**

No. 95–7216.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 5, 1996.

Decided Oct. 15, 1996.

**1480**

Daniel M. Katz, Washington, DC, argued the cause for appellants, with whom Ellen G. Ranzman was on the briefs.

Jonathan W. Greenbaum, Washington, DC, argued the cause and filed the brief for appellee.

Before: WALD, WILLIAMS and GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

This is an appeal from the dismissal for lack of subject matter jurisdiction by the district court of a collection action by the boards of trustees of three employee benefit funds ["the Funds"][1] against the Madison Hotel ["the Hotel"] in Washington, D.C. The district court properly exercised jurisdiction over a previous suit brought by the Funds against the Hotel under sections 502(a)(3) and 515 of the Employee Retire-

ment Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145 (1994), and section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185(a) (1994). The initial suit was dismissed when the Funds and the Hotel reached a settlement agreement and then signed a stipulation of dismissal with prejudice, "in accordance with the Settlement Agreement entered into between the plaintiffs and the defendant." Joint Appendix ("J.A.") 20.

When the Hotel breached the settlement agreement by failing to pay delinquencies due within the time period specified in that agreement, the Funds brought a new lawsuit in the same federal district court. The district court found that, by entering into the settlement agreement and the stipulation of dismissal, the parties had converted their agreement into a contract that was enforceable only in state court. The plaintiffs' original federal claims were superseded by the settlement agreement, and any suit based on that agreement "amount[ed] to a simple breach of contract action." J.A. 68. Thus, the court determined that it lacked independent subject matter jurisdiction over the action. The court also found that it lacked ancillary jurisdiction over the suit under the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district court therefore dismissed the Funds' claims for lack of jurisdiction.

We reverse the dismissal. Regardless of whether ancillary jurisdiction existed over the second suit after the stipulated dismissal of the first suit, the court was endowed with independent subject matter jurisdiction over the second suit under ERISA.

## I. BACKGROUND

No material facts of this case are in dispute. The funds at issue were created pursuant to a collective bargaining agreement

1. The three funds are the Employers' Health and Welfare Fund; the Hotel Association, Cafeteria, and Other Subscribing Employers Group Legal

Services Fund; and the Hotel Association of Washington, D.C. Pension Fund.

between the Madison Hotel[2] and Local 25,[3] and they constitute "employee benefit plans," as defined in section 3(3) of ERISA, 29 U.S.C. § 1002(3) (1994). The boards of trustees of the three funds are all "fiduciaries" of employee benefit funds, as defined in section 502(e)(1) of ERISA.[4]

The first cause of action arose when the Madison Hotel refused to provide required payroll records in response to a mandatory routine audit performed to check for compliance with the Hotel's contribution obligations to the employee benefit funds. Upon the Hotel's refusal to comply, the Funds filed an initial suit in the district court under ERISA and the NLRA to compel the Hotel to submit to the audit and to pay any delinquencies thereby discovered, together with interest, liquidated damages, audit fees, attorneys' fees, and costs, as required by ERISA and the trust agreements. The district court assumed jurisdiction over that action.

Soon after the initial suit had been filed in federal court, the parties executed a settlement agreement whereby the Hotel agreed to submit to an audit and to provide access to the records previously denied the Funds. Paragraph 2 of the settlement agreement required the Hotel to pay the amount of any delinquency to the Fund(s) within thirty days of its receipt of the audit report, or to contest the audit results (by notifying the Funds of the areas of disagreement and requesting a meeting to resolve the dispute) within the thirty-day time period. J.A. 18. Paragraph 3 stated that if the Hotel made the required payments within the thirty days, or paid a different amount agreed to by the parties within seven days after the parties' meetings, then "the Funds [would] not seek to collect interest, liquidated damages, audit and attorneys' fees, costs or any additional amounts." J.A. 18 (¶ 3). However, that provision also stated that, in the event that the Hotel breached the agreement,

> [t]he Funds specifically retain and do not waive their right to interest, liquidated damages, audit and attorneys' fees, costs or any other additional amounts to which they may be entitled, should the Hotel fail to make the required payment within the time periods described in this paragraph.

J.A. 18 (¶ 3).[5] Paragraph 5 stated:

> The Funds shall file a Stipulation of Dismissal in the above-captioned case in the form attached as Exhibit A hereto. The parties agree that such dismissal is not intended to preclude the Funds from filing suit to recover any delinquency revealed by the audit described in paragraph 1....

J.A. 19. The stipulation of dismissal to which the settlement agreement referred was in fact executed by counsel for the parties, and, as required by paragraph 5 of the settlement agreement, the Funds filed the executed stipulation with the district court. That stipulation, in turn, stated:

> Pursuant to Rule 41(a)(1)(ii), Fed.R.Civ.P., and in accordance with the Settlement Agreement entered into between the plaintiffs and the defendant, the parties hereby stipulate to the dismissal with prejudice of the above-referenced case.

J.A. 20. The district court then approved the stipulation and dismissed the case with prejudice. J.A. 65 (district court opinion).

Thereafter, the Hotel provided the requisite records, and independent auditors discovered alleged delinquencies totaling $18,-

---

2. The Madison Hotel is an "employer" as defined in sections 501(1) and (3) of the NLRA, 29 U.S.C. §§ 142(1) and (3), and in section 2(2) of the NLRA, 29 U.S.C. § 152(2).

3. Local 25 is a "labor organization" within the meaning of NLRA section 2(5), 29 U.S.C. § 152(5). At all material times herein it was and continues to be the exclusive bargaining representative within the meaning of NLRA section 9(a), 29 U.S.C. § 159(a), of the Madison Hotel's hotel and restaurant employees.

4. That section provides, in part, that:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary.

29 U.S.C. § 1132(e)(1) (1994). Thus, federal district courts are the exclusive adjudicators of civil actions brought by a fiduciary under ERISA.

5. As a procedural matter, paragraph 4 required the Funds to notify the Hotel of their intent to file suit to collect delinquencies in the event of a breach by the Hotel. J.A. 18(¶ 4).

286.62. The Hotel neither paid the alleged delinquencies nor contested the audit within the time limits specified by the settlement agreement. Pursuant to the terms of the settlement agreement, the Funds notified the Hotel that they would file suit to collect the delinquencies and other costs and fees to which they were entitled under ERISA and paragraph 3 of the settlement agreement. J.A. 18 (¶ 3, ¶ 4).

This second suit, the subject of the present appeal, is a post-audit collection action that seeks to require the Hotel to pay the delinquencies owed the Funds, along with attendant interests, costs, etc. to which the Funds are entitled under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) (1994), as well as under the terms of the settlement agreement. The Funds claimed in their complaint that: (1) the Hotel breached section 515 of ERISA, J.A. 10–11; (2) the Hotel breached section 301 of the NLRA, J.A. 11–12; and (3) the Hotel breached the terms of the Funds' Trust Agreements, which provide for their own assessments of damages against a delinquent Fund contributor. J.A. 12–13.

The Hotel filed a motion to dismiss or for summary judgment, arguing that the district court lacked subject matter jurisdiction over the suit. The Hotel claimed that the stipulation of dismissal, with prejudice, which disposed of the Funds' first suit, had surrendered all of the Funds' original federal claims under ERISA and the NLRA in exchange for the new terms of the settlement agreement, and that, consequently, their second suit was only for breach of contract, with part of the consideration for that contract being dismissal of the first suit. According to the Hotel, the settlement agreement's provision for awarding remedies to the Funds in the event of a breach by the Hotel was not governed by federal law because the agreement did not explicitly state that those remedies were ERISA-based. The Hotel also argued that the district court properly declined to exercise ancillary jurisdiction over the Funds' second suit since the dismissal order did not express any intent by the district court to retain jurisdiction in the district court, and the stipulation of dismissal did not adequately incorporate the settlement agreement. Under *Kokkonen*, the Hotel claimed, the fact that a stipulation of dismissal referred to a settlement agreement (here, by stating that the stipulation was to be "in accordance with" the settlement agreement) did not suffice to reserve the district court's federal jurisdiction over a later claim arising out of the settlement agreement.

The district court granted the Hotel's motion to dismiss on the basis of lack of subject matter jurisdiction. *Board of Trustees of the Hotel and Restaurant Employees Local 25 and Employers' Health and Welfare Fund, et al. v. Madison Hotel, Inc.*, 896 F.Supp. 14 (D.D.C.1995). The court reasoned that it did not have independent federal subject matter jurisdiction because, by entering into the settlement agreement, the parties had converted their original dispute from a claim based on federal statutes into a purely state law-governed contract claim. The court explained: "Plaintiffs cannot create jurisdiction in this Court by pointing to the very federal statutes that were the basis for plaintiffs' original suit, the dismissal of which was consideration for the settlement agreement. Plaintiffs' complaint, cloaked as it may be in federal statutory garb, amounts to a simple breach of contract action...." J.A. 68.

Relying on the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the district court also rejected the notion that it had ancillary jurisdiction over the Funds' claims. In *Kokkonen*, a plaintiff brought an initial suit in a state court, alleging state law claims. The defendant then removed to federal court on diversity grounds and filed state-law based counterclaims. The parties settled the initial dispute and executed a stipulation of dismissal, with prejudice, which "did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." 511 U.S. at ——, 114 S.Ct. at 1675. Subsequently, another dispute arose as to the plaintiff's obligations under the settlement agreement. The original defendant then filed a motion in federal court seeking

to enforce the agreement. The original plaintiff challenged that motion on the grounds that the court lacked subject matter jurisdiction. The district court exercised jurisdiction over the motion, asserting that it had "inherent power" to do so. The Ninth Circuit affirmed. *Kokkonen v. Guardian Life Ins. Co. of America,* 993 F.2d 883 (9th Cir.1993).

The Supreme Court reversed. The Court reasoned that, since the purpose of ancillary jurisdiction in a case like *Kokkonen* was to reinforce a "court's power to protect its proceedings and vindicate its authority," the fact that one party breached a settlement agreement that had not been incorporated into the court's dismissal order "in no way flouted or imperiled" the district court's authority, even if the settlement had prompted the parties to dismiss the case. 511 U.S. at ——, 114 S.Ct. at 1677. The Court explained that, "[a] judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order" so as to retain ancillary jurisdiction over an action arising out of the settlement agreement. On the other hand, the Court pointed out,

> if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order,

then "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." 511 U.S. at ——, 114 S.Ct. at 1677. The Court did not address the question, raised here, whether a mere reference to a settlement agreement in a stipulation of dismissal is sufficient to retain the district court's jurisdiction.

In this case, the district court applied *Kokkonen* to the Funds' second suit, determining that, although the stipulation of dismissal specified that it was to be "in accordance with the Settlement Agreement" (which settlement agreement, in turn, provided that the Funds reserved their ERISA claims in the event of a breach by the Hotel), such language, standing alone, was insufficient to incorporate the settlement agreement into the stipulation of dismissal so as to give the district court ancillary federal jurisdiction under *Kokkonen.* Since the court also found that it lacked independent subject matter jurisdiction, it dismissed the suit. The district court claimed that its ruling "create[d] no great injustice for plaintiffs" because they could simply bring their state law-based breach of contract claims, based on the settlement agreement, in the local District of Columbia courts. J.A. 68–69.

The Funds appeal the district court's dismissal, arguing that the district court should have exercised either independent federal subject matter jurisdiction, ancillary jurisdiction, or both, in order to hear the Funds' claims for delinquent contributions and allied costs against the Hotel.

## II. Discussion

### A. *Federal Subject Matter Jurisdiction*

This court reviews jurisdictional issues *de novo.* *See Carey Canada, Inc. v. Columbia Casualty Co.,* 940 F.2d 1548, 1554 (D.C.Cir. 1991); *see also Treaty Pines Inv. Partnership v. Comm'r,* 967 F.2d 206, 210 (5th Cir. 1992) ("Jurisdictional questions are questions of law, reviewed de novo.").

 We find it unnecessary to reach the issues of exactly what must be stated or included in a stipulation of dismissal in order to retain federal jurisdiction under *Kokkonen* over a settlement agreement, or whether these requirements were met in this case. Instead, we find that the district court had independent federal subject matter jurisdiction over the second suit.[6] Any enforcement of the settlement agreement between the Funds and the Hotel indisputably requires an application of federal ERISA law, over which the federal courts exercise exclusive and preemptive jurisdiction. *See* section

---

6. The *Kokkonen* Court specifically left open the possibility of finding "some independent basis for federal jurisdiction," even in the absence of ancillary jurisdiction. *See* 511 U.S. at ——, 114 S.Ct. at 1677.

502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) (1994) (providing for exclusive jurisdiction over ERISA-based claims in federal district courts); section 514 of ERISA, 29 U.S.C. § 1144(a) (1994) (providing for preemption of state law by ERISA).[7] Moreover, under *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987), a state-law based complaint which "relate[s] to [an] employee benefit plan" under section 514(a) of ERISA, 29 U.S.C. § 1144(a) (1994), such that the complaint is preempted by ERISA, is "necessarily federal in character by virtue of the clearly manifested intent of Congress," and therefore "arise[s] under the laws ... of the United States" for purposes of original federal subject matter jurisdiction under 28 U.S.C. § 1331 (1994). Thus, the district court should not have dismissed this claim for lack of jurisdiction.

The district court's application of *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), to the facts of this case was erroneous. The *Kokkonen* Court found that the district court

lacked jurisdiction over enforcement of the settlement agreement there because (1) the district court lacked independent federal subject matter jurisdiction since the settlement agreement had completely superseded the original claim (which had been in federal court on diversity grounds), giving rise instead to a state claim based on state contract law; and (2) the district court lacked ancillary subject matter jurisdiction because it had neither provided for retention of federal jurisdiction nor incorporated the settlement agreement into its dismissal order.

The district court in this case erred in the first instance by deciding that it did not have independent subject matter jurisdiction. Hence, we need not reach the question of whether the parties' stipulation of dismissal sufficed to retain ancillary federal jurisdiction in the district court.[8] In this case, unlike *Kokkonen*, enforcement of the settlement agreement itself will require adjudication of substantive federal law issues over which federal courts have exclusive jurisdiction under the ERISA statute.[9] The

---

7. Neither need we reach the issue of whether the district court had jurisdiction over the second suit under section 301 of the NLRA, which provides for federal district court jurisdiction over any suit for violation of a contract between an employer and a labor organization.

8. We note, however, that although the Supreme Court denied federal jurisdiction in *Kokkonen*, it left open the possibility that litigants could sometimes retain federal jurisdiction over a settlement agreement by executing an adequately explicit stipulation of dismissal. The Supreme Court explained:

> [W]hen ... the [district court's] dismissal is pursuant to Rule 41(a)(1)(ii) ... we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

511 U.S. at ——, 114 S.Ct. at 1677. As in this case, the stipulation of dismissal in *Kokkonen* did not explicitly state that the district court would retain jurisdiction, nor did it incorporate the actual text of the settlement agreement. Unlike the stipulation in *Kokkonen*, however, which "did not so much as refer to the settlement agreement," 511 U.S. at ——, 114 S.Ct. at 1675, the stipulation of dismissal here did at least refer to the settlement agreement, specifying that the stipulation was to be "in accordance with" that agreement.

We leave it to another day to decide whether such a reference to a settlement agreement suf-

fices to retain federal jurisdiction over a case in which there is no independent federal subject matter jurisdiction. In the meantime, litigants can readily avoid such ambiguities by clearly providing for retention of federal district court jurisdiction in their stipulations of dismissal, or by incorporating the full text of the settlement agreement into those stipulations. *See Kokkonen*, 511 U.S. at ——, 114 S.Ct. at 1677.

9. For purposes of this analysis, we assume that this second suit is, as the Hotel claims, an action to enforce the settlement agreement, and not a reversion to the Funds' original claims. The *Kokkonen* Court noted that there is a split in authority as to whether a breach of a settlement agreement can lead to rescission of a dismissal and reversion to a party's original federal claims. Some courts have held that a breach of an agreement that was the basis for dismissal of a suit can justify a court in reopening the dismissed suit and renewing the party's original claims, rather than merely enforcing the subsequent settlement agreement. These courts rely on Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides in relevant part that, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment." *See, e.g., Keeling v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408, 410 (9th Cir.1991); *Fairfax Countywide Citizens Ass'n v.*

settlement agreement in *Kokkonen* resolved a dispute that, from the outset of litigation, involved only state law issues.[10] In contrast, and contrary to the district court's determination that the Funds' second suit "amounts to a simple breach of contract action," J.A. 68, enforcement of the settlement agreement here will almost inevitably require construction and application of specific ERISA provisions which define the scope of the employer's contribution obligations and the Funds' legal entitlements on default. The Hotel breached paragraph 2 of the settlement agreement, which required it to pay or challenge delinquencies within a thirty-day time period. Paragraph 3 of the settlement agreement expressly provided that, in the event of such a breach by the Hotel, "[t]he Funds specifically retain and do not waive their right to interest, liquidated damages, audit and attorneys' fees, costs or any other additional amounts to which they may be entitled." J.A. 18(¶ 3). This "entitlement" clause, in turn, clearly referred to and reserved the Funds' right to pursue their rights to remedies enumerated and defined in the ERISA law itself, in the event that the Hotel failed to meet its obligations under the agreement.[11] And, finally, the subsequent stipulation of dismissal was executed to be "in accordance with" the settlement agreement. In light of all these provisions, any subsequent court adjudicating claims relating to the Hotel's breach of the settlement agreement would automatically be required to adjudicate the Funds' rights to the monies it sought under the ERISA statute. Thus, an action to redress a breach of the settlement agreement directly implicates the Funds' rights to seek enforcement of the Hotel's obligation to make "contributions in accordance with the terms and conditions of [a multiemployer] plan …" under section 515 of ERISA, 29 U.S.C. § 1145 (1994), and of the Hotel's obligation to pay the additional amounts in interest, liquidated damages, audit and attorneys' fees, costs or any other additional amounts, as provided for under paragraph 3 of the settlement agreement and under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) (1994).[12] Because, furthermore, the ERISA statute provides exclu-

*Fairfax County*, 571 F.2d 1299, 1302–03 (4th Cir.1978). Other courts have reached the opposite conclusion. *See, e.g., Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140–41 (3d Cir.1993) (breach of settlement agreement insufficient reason to set aside dismissal on Rule 60(b)(6) grounds); *Harman v. Pauley*, 678 F.2d 479, 480–81 (4th Cir. 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached).

We need not address the question left open by *Kokkonen* with regard to the application of Rule 60(b)(6). We assume for purposes of this decision that the Funds' original claims were dismissed, and that their second suit merely seeks enforcement of the underlying ERISA claims embodied in the settlement agreement itself. Although those underlying claims are embodied in a state-law governed form of contract, it is well-established that,

> even if the plaintiff does not allege a cause of action based on federal law, there is a federal question [for purposes of federal district court subject matter jurisdiction] if it is clear from the face of the plaintiff's complaint that a federal law that creates a cause of action is an essential component of the plaintiff's state law claim.

Erwin Chemerinsky, Federal Jurisdiction 269 (2d ed.1994).

10. Unlike the situation here, the lawsuit in *Kokkonen* had been removed to federal court on diversity grounds. When the plaintiff in *Kokko-*

*nen* brought suit in federal court claiming breach of the settlement agreement, the amount in controversy requirement was no longer met. Thus, there were not independent grounds for diversity jurisdiction in the second suit.

11. We are not persuaded by the Hotel's assertion, at oral argument, that the language in the settlement agreement did not suffice to incorporate and reserve the Funds' ERISA rights. It is true that the settlement agreement does not include the magic word "ERISA" in providing for remedies in the event of breach. However, the agreement does state that, in addition to its claim for the original delinquencies, the Funds specifically reserve their right to pursue remedies which are exactly the same remedies enumerated in section 502(g)(2) of ERISA, and these remedies are listed in the exact same order as in the statute. In addition, language in the settlement agreement to the effect that the Funds "retain and do not waive their right" to such remedies, as well as reference to the rights "to which they may be entitled," both refer back to a prior entitlement, which in this case can be governed only by ERISA. J.A. 18(¶ 3).

12. The Funds' claims for delinquent contributions are no longer at issue. The Hotel paid that amount after the Funds filed their second suit. However, the Funds' rights under ERISA and the settlement agreement to allied costs were never adjudicated or settled.

sive jurisdiction to enforce its provisions in federal courts, the district court here had federal jurisdiction to enforce the ERISA rights embodied in the settlement agreement.

 It is a general rule that a federal court may have jurisdiction over a state-law based claim where federal law constitutes an essential component of that claim. *See supra*, note 9. Although this case does not involve a question of preemption, the long line of cases addressing preemption in the ERISA context makes clear that there generally is federal jurisdiction over litigation of agreements settling ERISA claims. ERISA's preemption clause, section 514(a), 29 U.S.C. § 1144(a) (1994), which preempts "any and all State laws insofar as they ... relate to any employee benefit plan," has been interpreted extremely broadly by the Supreme Court as well as lower federal courts. *See, e.g., FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) ("The [ERISA] preemption clause is conspicuous for its breadth.").[13] The statute defines "[s]tate laws" to include "all laws, decisions, rules, regulations, or other state action having the effect of law." Section 514(c)(1) of ERISA, 29 U.S.C. § 1144(c)(1). Courts, in turn, have found

Congress intended that all forms of state laws that "relate to" employee benefit plans are included in this definition, including judicially-created common law causes of action. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan were preempted because they "relate[d] to" an employee benefit plan). Moreover, the phrase "relate to" in section 514(a) has also been broadly interpreted. For example, in *Shaw v. Delta Air Lines*, the Supreme Court found that, "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). Under this interpretation of the phrase, "[e]ven if a state law does not expressly concern an employee benefit plan, it will still be preempted insofar as the law applies to a benefit plan in particular cases." *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463, 1466 (5th Cir.1989). Thus, even general common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered

---

**13.** The Supreme Court recently placed some limits, not relevant here, on the breadth of ERISA preemption. In *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), the Court upheld a state statute "requir[ing] hospitals to collect surcharges from patients covered by a commercial insurer but not from patients insured by a Blue Cross/Blue Shield plan." *Id.* at ——, 115 S.Ct. at 1673. The surcharges, though not specifically directed at ERISA plans, had an indirect economic effect on some plans. *Id.* The Court held that the statute was not preempted by ERISA because it was not intended to place a burden on ERISA-covered plans, and because "[a]n indirect economic influence" does not in and of itself "bind plan administrators to any particular choice [of benefit plans] and thus function as a regulation of an ERISA plan itself" since "commercial insurers and HMOs may still offer more attractive packages than the Blues." *Id.* at —— – ——, 115 S.Ct. at 1678–79.

Although the *Travelers* Court cabined ERISA preemption in that one aspect, it also carefully reiterated its prior position that "state laws providing alternative enforcement mechanisms ...

relate to ERISA plans, triggering pre-emption," —— U.S. at ——, 115 S.Ct. at 1678, indicating that it is still impermissible to apply state law contract remedies to enforce a settlement like the one in this case. Such a remedy would constitute a prohibited "alternative enforcement mechanism" for an ERISA-related claim. Moreover, the Court reaffirmed the continuing vitality of prior decisions, such as *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990), *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987), and *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900, which also indicate that a state breach of contract claim is preempted here. In *Pilot Life*, for example, the Court held that, as applied to the facts of that case, a state tortious breach of contract claim, although not created for the purpose of regulating ERISA funds, "relate[d] to" employee benefit plans and was therefore preempted by ERISA because it interfered with ERISA's comprehensive regulation of such funds. Surely the present case comes under the aegis of *Pilot Life*, since the settlement agreement here implements ERISA-based rights and remedies which might be interfered with if the settlement agreement were enforced under state contract law.

by ERISA, will nonetheless be preempted insofar they affect ERISA-protected rights.[14]

■ Under current interpretations of the ERISA preemption provision, any state law claim the Funds might bring in this case for breach of the settlement agreement would clearly "relate to" an employee benefit fund and therefore be preempted. For example, in *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463 (5th Cir.1989), *cert. denied*, 497 U.S. 1029, 110 S.Ct. 3283, 111 L.Ed.2d 792 (1990), an employee sought disability benefits under an employee benefit plan. After coverage was denied, he sued the employer. The dispute was settled, and the resulting agreement provided for the employee's enrollment in the employer's long-term disability program. The employee received benefits under the settlement until the insurance company that administered the disability program determined that he was no longer disabled and terminated his benefits. The employee sued for a second time, alleging, *inter alia*, a breach of contract by the insurer based on the settlement agreement. The case was removed to federal district court, at which time the district court granted the insurer's motion for summary judgment, in part based on its finding that the state law claims against the insurer were preempted by ERISA.

The Fifth Circuit affirmed. In the section of the opinion relevant to this case, the court agreed with the district court that the employee's breach of contract claim "relate[d] to" an employee benefit plan and was thus preempted by ERISA. The court rejected the employee's argument that his claim was not preempted "because it involve[d] a court approved settlement agreement." 889 F.2d at 1466. Instead, the court reasoned that:

the Supreme Court has indicated that a state law relates to an employee benefit plan if it has a connection with or reference to such a plan. Even if a state law does not expressly concern an employee benefit plan, it will still be preempted inso-

far as the law applies to a benefit plan in particular cases. In the instant case, [the employee] is relying on state law to advance his complaint that his benefits under the plan were terminated. As such, the law relates to the plan.

889 F.2d at 1466. Similarly, in the present case, if the Funds were to rely on a state law breach of contract claim to recover monies that are due them under ERISA, their claim would surely be preempted. Like the employee's claim in *Boren*, such a claim would "relate[ ] to an employee benefit plan" by having "a connection with or reference to such a plan."

In another case, *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401–02 (6th Cir.1995), the Sixth Circuit similarly held that ERISA preempted a state law claim alleging breach of a settlement agreement where the ultimate relief sought "relate[d] to" an employee benefit fund. The plaintiff, a psychiatrist, had sued Blue Cross for "departicipating" him from their insurance program for allegedly performing unnecessary medical procedures on patients. The two parties reached a settlement agreement, under which the doctor was reinstated into the program. Later, in a related matter, the plaintiff was again disqualified from participating in an ERISA-covered benefit plan because of his alleged overtreatment of patients (technically referred to as "overutilization"). He filed a second suit in state court, claiming, *inter alia*, breach of the settlement agreement. The defendants removed to federal court, arguing that ERISA preemption constituted a basis for federal jurisdiction and also that preemption required the court to dismiss the plaintiff's state law-based breach of contract claim. The district court agreed, and dismissed the breach of contract claim because it related to an ERISA benefit plan.

The Sixth Circuit affirmed the district court. The court looked past the form of the

---

**14.** State statutory remedies designed to supplement ERISA's collection provisions have also been held to be preempted. *See, e.g., Carpenters Health & Welfare Trust Fund for Cal. v. Tri Capital Corp.*, 25 F.3d 849, 854 (9th Cir.), *cert. denied*, ── U.S. ──, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); *Trustees of Elec. Workers Health & Welfare Trust v. Marjo Corp.*, 988 F.2d 865 (9th Cir.1992). Thus, were a state court's enforcement of an ERISA-related settlement agreement to be viewed as a supplementary remedy to ERISA's provisions, it too would be preempted.

plaintiff's claim, which appeared to be based on state law, to the underlying issues raised by the claim. It explained:

> Count I of [plaintiff's] complaint alleges that [defendant] breached the settlement agreement by "resurrecting the previously refuted allegation" of overutilization "as a reason for denial of his application to be an authorized provider for the [ERISA plan]." Clearly this claim "relates to" an employee welfare plan as it explicitly "refer[s] to such a plan."

52 F.3d at 1401 (quoting *FMC Corp.*, 498 U.S. at 58, 111 S.Ct. at 407). Although allegedly based on the terms of the settlement agreement, it was clear that the plaintiff's underlying claim "relate[d] to" rights defined by ERISA because the settlement agreement itself referred to an ERISA-covered benefit plan. Similarly, in the present case, the settlement agreement between the Funds and the Hotel undoubtedly refers to rights enumerated in and defined by ERISA.[15] Thus, a state law claim for breach of contract based on the settlement agreement here is preempted by ERISA.[16]

Under this broad preemptive framework, courts have unanimously recognized the exclusively federal nature of ERISA-related claims, including claims that might appear to have been "converted" into obligations governed by state law. In *Metropolitan Life Insurance v. Taylor*, 481 U.S. 58, 60, 107 S.Ct. 1542, 1544, 95 L.Ed.2d 55 (1987), the Supreme Court held that not only are state common law claims "relat[ing] to" employee benefit plans preempted by ERISA, but they are also "displaced by ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to the extent that complaints filed in state courts purporting to plead such state common law causes of action are removable to federal court" under 28 U.S.C. § 1441(b) (1994). In *Metropolitan Life*, the petitioner insurer was underwriter of an

ERISA-covered benefit plan set up by petitioner employer to pay benefits to disabled employees. When a psychiatrist and physician found that the respondent was fit to resume working, his plan benefits were discontinued and his employment terminated for refusing to return to work. He filed suit in state court for reimplementation of his benefits and for related common law contract and tort claims. Petitioners removed to federal court, and the district court found the case properly removable based on its jurisdiction over ERISA and its pendent jurisdiction over the state law claims. The Sixth Circuit reversed, finding that the complaint itself purported to state only state law causes of action, and that the "well-pleaded complaint" rule of *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), under which a cause of action "arises under" federal law for jurisdictional purposes only when the plaintiff's well-pleaded complaint raised federal law issues, precluded removal predicated on the basis that the state law claims were subject to the federal defense of ERISA preemption. *Taylor v. Metropolitan Life Ins. Co.*, 763 F.2d 216 (6th Cir.1985).

The Supreme Court reversed. The Court explained that an exception to the usual application of the well-pleaded complaint rule arises when Congress "so completely preempt[s] a particular area [of the law] that any civil complaint raising this select group of claims is necessarily federal in character." 481 U.S. at 63–64, 107 S.Ct. at 1546. Drawing on the unique legislative history of ERISA, the *Metropolitan Life* Court determined that "Congress had clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) of [ERISA] removable to federal court." *Id.* at 66, 107 S.Ct. at 1547. Since the state-law based causes of action raised by the respondent in that case were "within the

---

**15.** We need not reach out to decide the question of whether the district court would have jurisdiction if, rather than reserving and incorporating the Funds' ERISA remedies in the event of a breach by the Hotel, the settlement agreement had made no reference whatsoever to ERISA and had instead provided for some kind of lump sum liquidated damages.

**16.** *See also 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers,* 968 F.2d 401, 406 (3d Cir.1992) (state contract claim preempted where "calculation of damages would involve construction of ERISA plans"), *cert. denied,* 506 U.S. 1086, 113 S.Ct. 1066, 122 L.Ed.2d 370 (1993).

scope of § 502(a)," the Court held that the petitioner should be permitted to remove the case to federal court, despite the usual rule that a preemption defense does not provide grounds for such removal. Under the principle expressed in *Metropolitan Life*, sometimes referred to as "superpreemption," ERISA-related state law causes of action are by statute necessarily federal in character, so as to fall under the "arising under" jurisdiction of federal courts under 28 U.S.C. § 1331, regardless of whether preemption is obvious at the time the suit is filed. *Id.* at 66–67, 107 S.Ct. at 1547–48. Since the Funds' claims in the present case come under the rubric of section 502(a), it follows that, if the Funds did bring this claim in state court, a federal district court would almost surely permit removal to federal court at the behest of the Hotel.

If, on the other hand, the Hotel did not remove to federal court, a state court might well be entirely precluded from adjudicating any of the Funds' underlying claims to delinquent contributions and allied costs, since ERISA-based claims lie exclusively within the jurisdiction of the federal courts. This preclusion, in conjunction with the federal district court's improper denial of jurisdiction here, could leave appellants without any forum for their claims at all. Denial of any forum in which to bring this claim would almost surely violate appellants' statutory and constitutional due process rights.[17] Neither Congress nor the Supreme Court can have intended any such result.

**B. *Res Judicata***

In its brief before this court, the Hotel appears to argue that some of the Funds' claims are *res judicata.* There is some controversy over whether the Hotel properly raised this defense below.[18] But even if we assume, *arguendo,* that the Hotel raised a *res judicata* defense to the original NLRA and ERISA claims, we fail to see its relevance here. Neither the Hotel nor anyone else has ever suggested that the Funds' underlying claims to the monies they seek are precluded by the dismissal of the first suit.[19] An action alleging breach of a settlement agreement constitutes a claim distinct from the original settled action, to which res judicata does not apply. Claim preclusion bars only those claims that could have been brought in the earlier proceeding; thus, it does not apply to new claims arising out of a settlement agreement that could not have been raised in the original suit. Under the terms of the settlement agreement, the stipulation of dismissal was contingent upon both parties' compliance with that agreement. The district court itself said that the stipulation of dismissal in this case in no way foreclosed the Funds "from pursuing a lawsuit against defendant for any delinquent contributions still owing to the Funds," nor did it preclude them "from pursuing any of the other remedies available to them under the terms of the Settlement Agreement." J.A. 68–69.[20]

---

**17.** A due process violation may result when there is no court, state or federal, that is available to hear a plaintiff's claim. *See, e.g.,* ERWIN CHEMERINKSY, FEDERAL JURISDICTION 172, 196–200 (2d ed.1994) (collecting cases supporting the idea that due process would be violated if federal jurisdiction were restricted in such a manner as to prevent any court, state or federal, from hearing a claim).

**18.** The Hotel now claims that it duly raised a *res judicata* defense in its answer to the Funds' complaint in the second suit. This is not altogether clear to us. The Hotel relies on the following language from its answer:

First Defense
The [Funds'] Complaint states nothing more than a claim for an alleged breach of a settlement agreement. This Court lacks jurisdiction to entertain such a claim.

J.A. 61. Apparently, the Hotel believes that, by stating that the Funds' only claim before the district court was for breach of the settlement agreement, the Hotel was implicitly asserting that the Funds' original federal claims were precluded by the stipulation of dismissal.

**19.** The Hotel, in fact, has suggested quite the opposite. *See* Brief of Appellee, at 17–18; 30–31 (arguing that the settlement agreement and stipulation of dismissal "transformed [the Funds'] action from one of collection of delinquent contributions under ERISA, of which Federal Courts have jurisdiction ... to one of breach of contract under the common law....").

**20.** Although the district court did not engage in a thorough analysis of the *res judicata* issues raised by this case, it did invoke the preclusion doctrine implicitly, apparently finding that the dismissal with prejudice of the federal claims raised in the

At most, the Hotel can argue that the Funds' *original* claims, based on the NLRA and ERISA, were surrendered as part of the consideration for the new settlement agreement and are thus precluded by the stipulation of dismissal, which was entered "with prejudice." It cannot, however, legitimately argue that preclusion of the Funds' *original* federal claims leaves only a state law-based contract claim providing no basis for a federal court to exercise jurisdiction. This is because, even under the Hotel's theory, the Funds' claims arise out of the *settlement agreement,* which we have found specifically referred to and reserved their federal rights under ERISA in the event of a breach of the agreement by the Hotel. We have already determined that a federal court has exclusive and preemptive jurisdiction to adjudicate claims arising out of a settlement agreement that require interpretation and application of federal ERISA rights. We have also determined that the Funds' claims to enforce the settlement agreement are clearly not precluded by the stipulation of dismissal. Thus, the district court has exclusive and independent federal subject matter.

### CONCLUSION

For the foregoing reasons, we conclude that the district court's dismissal of this case for lack of subject matter jurisdiction was erroneous. That court had independent subject matter jurisdiction over this case under ERISA. Accordingly, we remand the case to the district court for reinstatement of the conflict and future proceedings.

*Remanded.*

first lawsuit was *res judicata* of the federal claims raised in the second. *See* J.A. 68 ("Plaintiffs allege the same violations of the same federal statutes in 1993; the parties settled the action; and the case was dismissed with prejudice.").

According to the district court's formulation, the Funds' original federal claims were surrendered as part of the consideration for entering the settlement agreement at issue in this case.