IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50349
Conference Calendar

_____


JOHN W. PATTON,

                                        Plaintiff-Appellant,


versus

MIKE M. MACHADO,
Judge,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CV-195
- - - - - - - - - -
December 11, 1996
Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    John W. Patton requested the district court to issue a writ

of mandamus ordering a state-court judge to take certain action

in Patton's state-court probation-revocation proceeding.

    "[A] federal court lacks the general power to issue writs of

mandamus to direct state courts and their judicial officers in

the performance of their duties where mandamus is the only relief

_____

    [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

sought." <u>Moye v. Clerk, De Kalb County Superior Court</u>, 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, the district court did not have the authority to grant Patton's petition for the issuance of a writ of mandamus to the state court judge.

Patton argues for the first time on appeal that his petition should be construed as a request for habeas relief seeking the reversal of the 99-year sentence imposed on Patton by the state court judge for a probation violation. Patton has not demonstrated that he has exhausted his state court remedies with respect to the state court's imposition of the 99-year sentence. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 519 (1982). Therefore, even if it is presumed that Patton's petition could be construed as a habeas petition, the failure to grant such petition would not be error, plain or otherwise. <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), <u>cert. denied</u>, 115 S. Ct. 1266 (1995).

Patton argues that the district court erred in denying his motion to recuse the magistrate judge. Because Patton failed to appeal the magistrate judge's order denying the motion to recuse to the district court, this court has no jurisdiction to consider the ruling. <u>See</u> <u>Boren v. N.L. Industries, Inc.</u>, 889 F.2d 1463, 1465 (5th Cir. 1989), <u>cert. denied</u>, 497 U.S. 1029 (5th Cir. 1990).

This appeal is frivolous. It is DISMISSED. 5th Cir. R. 42.2.

We caution Patton that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Patton is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

DISMISSED; SANCTION WARNING ISSUED.