SCICO TEC GmbH, Plaintiff,

v.

BOSTON SCIENTIFIC CORP. and
Boston Scientific Scimed, Inc.,
Defendants.

Civil Action No. 9:07–CV–76.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 30, 2009.

Alex O. Tamin, Brian W. Kasell, Ryan S. Mauck, and Stanley M. Gibson of Jeffer Mangels Butler Marmar LLP—Los Angeles, Los Angeles, CA, Claude Edward Welch of Law Office of Claude E. Welch, Clayton Edward Dark, Jr., Attorney at Law, Lufkin, TX, for Plaintiff.

Sidney Calvin Capshaw, III and Elizabeth L. DeRieux of Capshaw DeRieux, LLP, Longview, TX, Amy L. DeWitt, Edward Han, John E. Nilsson and Matthew M. Wolf of Howrey LLP—Washington, Washington DC, George Edmond Chandler of Chandler Law Offices, Lufkin, TX, J. Thad Heartfield and M. Dru Montgomery of The Heartfield Law Firm, Beaumont, TX, John R. Keville of Howrey LLP—Houston, Houston, TX, for Defendants.

## ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE'S CLAIM CONSTRUCTION ORDER

RON CLARK, District Judge.

Plaintiff SciCo Tec GmbH ("SciCo") filed suit alleging infringement of United States Pat. No. 5,102,403. The parties briefed disputed claim terms. As permitted by 28 U.S.C. § 636(b)(1)(A), this court designated the Honorable Keith Giblin, Magistrate Judge, to hear and determine pretrial matters. He conducted a *Markman* hearing and entered a claim construction order. Defendants Boston Scientific Corp. and Boston Scientific Scimed, Inc. ("Boston") filed objections to the court's *Markman* order. [Doc. # 102]. The objections are not specific and are unsupported by argument or analysis. The court denies Defendants' objections.

### Analysis

■ Decisions based on procedural rules are governed by the law of the pertinent regional circuit. *See L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1318 (Fed. Cir.2006). (Sixth Circuit law applied to waiver of objection to jury verdict). In the Fifth Circuit it is important to distinguish between a magistrate judge's ruling on a pretrial matter assigned under 28 U.S.C. § 636(b)(1)(A), and a case assigned for a report and recommendation on a dispositive matter under § 636(b)(1)(B).

■ In the latter instance, failure to object to a report and recommendation bars attack on appeal of findings of fact and conclusions of law except on very limited plain error grounds. *See Douglass v. United Serv. Auto. Assoc.*, 79 F.3d 1415, 1428 (5th Cir.1996) (*en banc*) (Holding that the rule is supported by "sound considerations of judicial economy," quoting *Thomas v. Arn*, 474 U.S. 140, 155, 106

S.Ct. 466, 474–75, 88 L.Ed.2d 435). However, when, as in this case, a party fails to object to a pretrial ruling made by a magistrate judge pursuant to § 636(b)(1)(A), there is no appellate review of the magistrate judge's ruling. *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989).

■ A district court may designate a magistrate judge to hear and determine any pretrial matter, except those specifically listed in 28 U.S.C. § 636(b)(1)(A). Congress has amended 28 U.S.C. § 636 at least three times since the seminal decision in *Markman v. Westview Instruments, Inc.* 52 F.3d 967 (Fed.Cir.1995), and did not choose to add claim construction orders to the list of matters that may not be considered under § 636(b)(1)(A). While construction of a particular claim can be very important in a case, so too an order denying discovery or a continuance, or striking an expert, can affect the outcome of a case. Boston now professes doubt about whether this court designated Judge Giblin to hear the matter under § 636(b)(1)(A). That should have been put to rest when Judge Giblin entered an opinion and order construing the claim terms, not a report and recommendation, as would have been required under § 636(b)(1)(B).

A district judge may reconsider a magistrate judge's ruling on a matter under § 636(b)(1)(A), "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A party must file objections to the order within ten days of being served with a copy and may not assign as error a defect to which no objection has been made. Fed.R.Civ.P. 72(a). The Local Rules of the Eastern District govern cases assigned to magistrate judges.[1] A

---

1. The Judges of the Eastern District of Texas      approved and adopted the Local Rules after

party desiring review of a non-dispositive order, entered pursuant to 28 U.S.C. § 636(b)(1)(A), must file a motion for reconsideration within ten days after issuance of the magistrate judge's order and "specifically designate the order, or part thereof, for which reconsideration is requested, and the basis for any objection thereto." L.R. Appendix B, Rule 4.[2] A district court will thereupon set aside any portion of the judgment found to be "clearly erroneous or contrary to law." *Id.*

In the present case, contrary to the requirements of the Eastern District Local Rules, Boston neither stated specific objections to Judge Giblin's order construing the claims, nor set out any basis therefore. Boston merely asserts that it objects, lists some 22 supposed points of error, and states that it "relies on the argument and authorities set forth in its February 19, 2008 Responsive Claim Construction Brief (Dkt. No. 50), its April 18, 2008 Letter Brief to the Court (Dkt. No. 67), and at oral argument before the Magistrate Judge on April 10, 2008 (Dkt. No. 70)." *See* Defendants' Objections [Doc. # 102].

Boston's objections are no better than a complete failure to object. They shed no light on their desired construction of disputed terms, why those terms may be important in light of the infringement or invalidity contentions, or how Judge Giblin allegedly erred in his analysis. By no stretch of the imagination can such conclusory objections be said to have "shown that the magistrate judge's order is clearly erroneous or contrary to law" as required by § 636(b)(1)(A). Boston's bare assertions do not set out any basis for the

objections as required by Local Rules for cases under § 636(b)(1) subsections A and B. Rather they appear to be an attempt to lard the record with a wide variety of potential points of error from which the best, as determined by future development of the case, may chosen and briefed at the Court of Appeals in the event of an adverse judgment.

As in most patent cases, Boston is represented by a team of experienced counsel with qualified experts at their side. Their objections to a magistrate judge's order cannot simply be a demand that a district judge conduct a *de novo* review of the entire record in a blind hunt for a nugget of harmful error buried somewhere in mounds of briefing and oral arguments. Such an approach prevents the district court from effectively reviewing the magistrate judge's order, and frustrates one of the purposes of 28 U.S.C. § 636—to assist district courts in their work.

The court finds that Boston has not complied with the requirements for objecting to a magistrate judge's claim construction order, and IT IS THEREFORE ORDERED that the objections set out in "Defendants' Objections To Magistrate Judge's Opinion and Order Construing Claim Terms" [Doc. # 102] are **DENIED.**

---

renumbering them in accordance with a directive of the Judicial Conference of the United States. E.D. Tex. Gen. Ord. No. 97–8 (1997).

**2.** It should be noted that Rule 4 also requires written objections to proposed findings or

recommendations on dispositive matters, submitted under § 636(b)(1)(B), "which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."