Donald ROCHON, et al., Plaintiffs,

v.

ATTORNEY GENERAL OF the UNITED STATES, et al., Defendants.

Civ. A. No. 87–3008.

United States District Court, District of Columbia.

April 14, 1989.

David Kairys, Adam Thurschwell (David Rudovsky, Kairys & Rudovsky, Philadelphia, Pa., on brief; Allan R. Stein, Rutgers Law School, Camden, N.J., of counsel), for plaintiffs.

David M. Glass, Atty., Dept. of Justice, Brook Hedge, Branch Director, Dept. of Justice (James M. Spears, Acting Asst. Atty. Gen., Dept. of Justice, on brief), Washington, D.C., for defendants Federal Bureau of Investigation, Dept. of Justice, Meese, Sessions, and Reynolds.

Brian P. Gettings, Frank W. Dunham (Charles S. Russell, Jr., Cohen, Gettings, Alper, & Dunham, on brief), Arlington, Va., for defendants Hawkins, Santimauro, and Sharp.

William G. Hundley (Larry S. Gondelman, Akin, Gump, Strauss, Hauer & Feld, on brief), Washington, D.C., for defendants Hegarty, Wilson, and Ahlerich.

John R. Keys, Winston & Strawn, Washington, D.C., Daniel Webb and Bernard Bobber, Winston & Strawn, Chicago, Ill., for defendant Dillon.

Patricia Douglass, Washington, D.C., for defendant Miller.

Patricia Douglass, Washington, D.C., Scott R. Lassar (Kevin Totis, Karon, Savikas & Horn, on brief), Chicago, Ill., for defendant Veach.

## ORDER

CHARLES R. RICHEY, District Judge.

This suit has many facets.[1] Plaintiffs Donald Rochon, a black Federal Bureau of Investigation ("FBI") agent, and Susan Rochon, his wife, maintain that they have been the victims of an ongoing conspiracy and campaign of racial discrimination, harassment, and retaliation that began when plaintiff Donald Rochon was assigned to the Omaha Office of the FBI in January, 1983, and that continued through his reassignment to FBI offices in Chicago and Philadelphia. Now before the Court are cross-motions for partial summary judgment concerning just one facet of this suit, namely, plaintiff Donald Rochon's Title VII claim arising out of his employment at the Omaha Office of the FBI.

Plaintiff Donald Rochon is seeking partial summary judgment against the Department of Justice ("DOJ"), the Director of the FBI, and the Attorney General on those paragraphs of Count II of the Amended Complaint dealing with his Title VII claims arising out of his employment at the Omaha office of the FBI.[2] Plaintiff filed this motion on the ground that the DOJ, the Director of the FBI, and the Attorney General are bound by the DOJ's decision of August 6, 1987, adopting with some modifications the EEOC's findings that plaintiff Donald Rochon was the victim of discrimination and retaliation while employed at the Omaha Office of the FBI.[3]

Upon review of the portions of plaintiffs' amended complaint on which plaintiff Donald Rochon is seeking summary judgment, it appears that plaintiff intends to use the findings contained in the DOJ decision for two purposes. The first is to seek judicial enforcement of the EEOC decision, as modified by the DOJ. In addition, it appears that plaintiff intends to use these findings to prove the existence of a conspiracy to

---

1. For the prior history of this suit, see *Rochon v. FBI*, 691 F.Supp. 1548 (D.D.C.1988).

2. It should be noted that plaintiff's motion for partial summary judgment is based on the Amended Complaint filed in this suit. That complaint is no longer the operative complaint

in this suit. Since plaintiff's filing of his motion for partial summary judgment, the Court granted plaintiffs leave to file a Second Amended Complaint.

3. *See Plaintiff's Motion for Partial Summary Judgment* at 2.

harass him because of his race, which began when he arrived at the FBI's Omaha office in 1983.

 There is no question that the DOJ, the Attorney General, and the Director of the FBI are bound by the DOJ's decision, and that plaintiff need not relitigate his claims filed at the administrative level in order to obtain judicial enforcement of the corrective relief ordered by that decision. *See, e.g., Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir.1986) (providing that "[f]ederal district courts have uniformly granted requests for enforcement of favorable final agency and EEOC decisions without requiring *de novo* review of the merits of the discrimination claims, unless the court has found that the relief ordered to be outside the EEOC's authority"). Summary judgment with respect to plaintiff's claim that defendants have failed to provide the relief ordered by the DOJ decision, however, is inappropriate at this juncture, because the position of the Attorney General is that all relief ordered by that decision has been provided.[4]

 To grant plaintiff's motion for partial summary judgment would be improper for another reason as well. The Attorney General objects to plaintiff's intention to use the findings contained in the DOJ's decision in support of his conspiracy claim arising out of events at the FBI's Omaha office. The Attorney General maintains that plaintiff's allegations concerning a conspiracy in Omaha are time-barred because plaintiffs filed this suit well after thirty days of plaintiff Donald Rochon's receiving notice of final agency action with respect to his Omaha administrative complaint.[5] As such, the Attorney General asks the Court to enter partial summary judgment in his favor with respect to plaintiff's claim that several white FBI agents in the Omaha office engaged in a conspiracy to racially harass him. Because plaintiff has not asserted that their time limits for filing a suit alleging a conspiracy by white FBI agents in Omaha to harass him should be subject to equitable tolling, and there is no reason apparent to the Court that such equitable tolling should take place, the Court concludes that the Attorney General is entitled to partial summary judgment with respect to the plaintiff's conspiracy claim and any other claims arising out of his employment in Omaha, with the exception of any claim seeking the enforcement of the relief ordered by the DOJ decision, because such claims are untimely.

Accordingly, it is, by the Court, this 13th day of April, 1989,

ORDERED that plaintiff Donald Rochon's motion for partial summary judgment against the Department of Justice, the Attorney General, and the Director of the Federal Bureau of Investigation with respect to his Title VII claims arising out of his employment at the Omaha Office of the Federal Bureau of Investigation shall be, and hereby is, denied; and it is

FURTHER ORDERED that the Attorney General's motion for partial summary

---

**4.** *See Motion of the Attorney General for Partial Summary Judgment* at 19, n. 11. Counsel for the Attorney General also expressed this position at a status conference the Court held on March 29, 1989.

**5.** Section 717(c) of Title VII allows a federal employee to file a Title VII suit against the head of the agency at which he or she is employed within 30 days of his or her notice of final agency action. 42 U.S.C. § 2000e–16. The latest date by which plaintiff could have filed a suit based on claims arising out of his employment in Omaha was October 21, 1987, 30 days after the parties reached an agreement as to a fee award because the decision of the DOJ provided for an award of attorney's fees to plaintiff. Plaintiffs did not file this suit until November 5, 1987.

In his cross-motion for summary judgment, the Attorney General also suggests that plaintiff's request for judicial enforcement of the DOJ's decision is untimely. *See Motion of Attorney General for Partial Summary Judgment* at 19 (stating that "all claims in this case occurring during plaintiff Donald Rochon's assignment to Omaha ... are untimely and all must therefore be dismissed"). In a subsequent memoranda, however, the Attorney General states: "in this case, Agent Rochon is free to litigate—if he wishes—the alleged failure of the FBI to provide to EEO training that the Final Decision required." *Reply Memoranda In Support of the Motion of the Attorney General for Partial Summary Judgment* at 7.

judgment dismissing as untimely those portions of plaintiffs' complaint dealing with plaintiff Donald Rochon's Title VII claims arising out of his employment at the Omaha Office of the Federal Bureau of Investigation shall be, and hereby is, granted, with the exception of those portions of the complaint alleging that defendants have failed to comply with the remedial provisions of the August 6, 1987 decision of the Department of Justice.